UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN T., <br><br>    Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>    Defendant. | Case No. C23-5240-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1973, has a high school education, and has worked as a branch manager and a property manager. AR 205, 212. Plaintiff was last gainfully employed in October 2012. AR 96.

This case has a lengthy procedural history. In January 2014, Plaintiff applied for DIB, alleging disability beginning November 1, 2013. AR 233. Plaintiff's application was denied

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

initially and on reconsideration, and Plaintiff requested a hearing. AR 233. Following a November 2015 hearing, whereupon Plaintiff amended her alleged onset date of disability to October 28, 2012, ALJ Marilyn Mauer issued a decision finding Plaintiff not disabled. AR 230-47. However, in August 2016, the Appeals Council reversed and remanded for further evaluation of the Plaintiff's residual functional capacity (RFC) for work; for further articulation and clarification regarding the Plaintiff's mental component of the RFC; and for further evaluation of new evidence. AR 253-54.

Then, in April 2017, Plaintiff filed an application for SSI, alleging disability beginning October 1, 2012. AR 283. Plaintiff's application was denied initially and on reconsideration, and was then consolidated with the remanded claim for DIB. AR 283. Following a September 2017 hearing, in October 2018, ALJ Virginia Robinson found Plaintiff not disabled. AR 280-99. Plaintiff then sought review by the Appeals Council, which the Appeals Council granted. In April 2020, the Appeals Council reversed and remanded for resolution of whether use of a walker was medically necessary and what work-related limitations would result from use of a walker; for resolution of vocational evidence inconsistencies for jobs that require frequent reaching; and for evaluation of Plaintiff's mental impairments. AR 314-16.

After a subsequent August 2021 hearing, in January 2022,[1] ALJ Allen Erickson found Plaintiff not disabled. AR 20-60, 154.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since her application date.

---

[1] As a preliminary manner, the Court notes that Plaintiff mistakenly states that the hearing before the ALJ was in 2022, rather than 2021. Dkt. 13 at 4.

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

**Step two**: Plaintiff has the following severe impairments: cervical spine degenerative disc disease and degenerative joint disease with status post-surgeries.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**: Plaintiff can perform sedentary work with additional limitations: she can never climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs. She can never crawl. She can occasionally balance, stoop, kneel and crouch. She can occasionally be exposed to vibration and extreme cold temperatures. She can occasionally reach overhead bilaterally. She can frequently, but not constantly, reach in any other direction bilaterally. She can frequently, but not constantly, handle and finger bilaterally.

**Step four**: Plaintiff can perform her past relevant work as a financial institution manager.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 26-60.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-4. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

---

[3] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

As a preliminary matter, the Court's scheduling order requires that "beginning on page one, Plaintiff must list the errors alleged, followed by a clear statement of the relief requested… [and] the Court will not consider or rule on assignments of error that are not listed in this section of the opening brief." Dkt. 6 at 2. Plaintiff's opening brief lists one error, that the ALJ did not give legally sufficient reasons for rejecting Plaintiff's need for a hand held assistive device to stand occasionally. Dkt. 13 at 1. Plaintiff further argues that the ALJ's rejection of Plaintiff's subjective testimony was erroneous. *Id.* at 9-10. This argument appears to be attempting to support Plaintiff's claim of error regarding the need for a hand held assistive device, so the Court will consider it. However, Plaintiff's additional argument that the ALJ erred in finding that Plaintiff was not limited by mental impairments, (Dkt. 13 at 8-9), was not included in the

assignments of error and was therefore not properly raised, and the Court need not address it.[4]

The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err in Excluding the Occasional Use of a Hand-Held Assistive Device From the RFC

A medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory finding, not only by a statement of symptoms.  20 C.F.R §§ 404.1521, 416.921.

Plaintiff contends that the cane prescription from Dr. Lu and Dr. Davies met the standard for documenting need, and that the medical evidence of record was replete with support for Plaintiff's longstanding need for the occasional use of a hand held assistive device.  Dkt. 13 at 4-8.  The Commissioner counters that Plaintiff failed to show prejudicial error in the ALJ's assessment of Plaintiff's need for a hand-held assistive device and that substantial evidence supports the ALJ's findings that Plaintiff did not require an assistive device either occasionally or generally.  Dkt. 19.

Notably, the procedural history of this case presents a unique quagmire as to how the ALJ should have evaluated the medical opinions.  The initial DIB claim was filed in January 2014, which means the pre-2017 standard between "acceptable" medical sources and "other" medical sources would control.  But the subsequent SSI claim was filed in April 2017, after the post-2017

---

[4] Moreover, while Plaintiff contends that the ALJ erred because Dr. Lu diagnosed her with depression in May 2016 and "there are other instances of depression in the record", (Dkt. 13 at 9), the ALJ spent a significant portion of his decision explaining why he found Plaintiff to have no limitation in understanding, remembering, or applying information; in interacting with others; in concentrating, persisting, or maintaining pace; or in adapting and managing oneself.  AR 27-29.  Plaintiff's threadbare reference to the record is insufficient to state an argument.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

standard became effective.  The applications were then consolidated.  Plaintiff appears to rely on the pre-2017 standard in her argument (Dkt. 13 at 5), while the Commissioner contends that the post-2017 standard should control.  Dkt. 19 at 11.  Additionally, the ALJ's analysis seemingly incorporates both standards.  AR 39, 47, 49, 53-55.

Under the pre-2017 standard, where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Under the post-2017 standard, however, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The Court need not resolve this issue because the Court finds that the ALJ's findings met both the "specific and legitimate" pre-2017 standard and the "consistent and supported" post-2017 standard.

In May 2016, Dr. Lu prescribed the Plaintiff a wheeled walker with a seat due to Plaintiff's "unsteady gait," complaints of falls, bruises, and other symptoms, and because Plaintiff told her she "would like to have a prescription for a walker to assist her balance while walking or with other activities."  AR 1090-91.  Subsequently, in August 2021, Dr. Davies completed a form opinion where she checked boxes indicating that Plaintiff has a medical need

for a single-point cane and four-wheeled walker and that Plaintiff has required the use of these devices since the amended onset date.[5] AR 1237.

for a single-point cane and four-wheeled walker and that Plaintiff has required the use of these devices since the amended onset date.[5] AR 1237.

The ALJ considered Dr. Lu's prescription, but ultimately found it unpersuasive because Dr. Lu's treatment notes did not document any observed falls, she did not observe Plaintiff's gait to be acutely or severely unsteady, and her treatment notes indicated that she gave Plaintiff the prescription "largely – if not exclusively" due to Plaintiff's subjective statements. AR 39. Because Dr. Lu's treatment notes and observations were neither consistent with, nor supportive of, Plaintiff's opined limitations, the ALJ gave Dr. Lu's prescription little weight.

The ALJ similarly found Dr. Davies' opinion unpersuasive, noting that Dr. Davies is not shown to have had the opportunity to review the Plaintiff's overall medical evidence of record and take into account the inconsistencies throughout. Specifically, the ALJ found that Dr. Davies failed to explain what objective medical records she based her opinion on or how the Plaintiff's issues limit her ability to work. AR 55. The ALJ also found Dr. Davies' opinion that Plaintiff's limitations started in 2012 unpersuasive because of the lack of treatment records in 2013 and because it related to a period well before Dr. Davies became Plaintiff's treatment provider. AR 55. Furthermore, the ALJ noted that Dr. Davies' opined degree of limitation was inconsistent with her own objective findings of record. AR 55.

Because the ALJ's findings were sufficiently specific, legitimate, and supported by substantial evidence, Plaintiff has not shown that the ALJ erred in finding the opinions unpersuasive.

---

[5] The Court notes that the record Plaintiff cites as support for the assistive device prescription from Dr. Davies is a blank form provided by Plaintiff's attorneys to Dr. Davies as part of their development for this case. There is no indication in the form that Dr. Davies physically examined Plaintiff, and Dr. Davies did not add explanations or reference objective evidence to support her check-the-box assessment of Plaintiff's limitations. AR 1236-38.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

Plaintiff next argues that the record is "replete with support" for the occasional use of an assistive device and in both her opening and reply briefs spends several pages summarizing various medical findings. Dkt. 13 at 4 -8, Dkt. 24 at 3-6. However, other than generally summarizing the record,[6] Plaintiff makes only one specific argument that the ALJ erred in ruling that she did not need an assistive device because he did not find hospital evidence of falling. Dkt. 13 at 7. She argues that the lack of evidence for falls does not contradict her occasional need for an assistive device, and that the objective evidence of record and "all of the physicians who examined" her supports a finding that she occasionally needs an assistive device. Dkt. 13 at 7.

The Court disagrees and finds that the ALJ offered sufficiently specific and legitimate reasons for finding that the record did not have sufficient objective medical findings to establish medical necessity for an assistive device either generally or occassionally. The ALJ noted, among other things, that Plaintiff's walker prescription and walker, cane, and electric cart recommendations were based on Plaintiff's subjective symptom and limitation reports and that the objective findings of record were inconsistent with a medical need for the use of an assistive device. AR 36. Additionally, the ALJ specifically addressed Plaintiff's contention that the ALJ erred in finding she did not need an assistive device due to the lack of evidence of falls in the medical record. The ALJ noted that although Plaintiff alleged she had fallen "hundreds of times," there was "minimal to no evidence of any significant treatment for fall-related injuries." AR 39. Finally, the ALJ spent a significant portion of his decision articulating thirteen (13) distinct examples in the record that are inconsistent with, and unsupportive of, Plaintiff's

---

[6] The Ninth Circuit has recognized that the claimant waived "any argument based on [clinical] findings" where the claimant, "simply list[ed] numerous clinical findings, unaccompanied by argument." *Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022).

asserted limitations. AR 36-39. Plaintiff offers no argument to challenge the inconsistencies and lack of support in the record the ALJ cited.

Plaintiff concludes with the argument that the ALJ "was a lay person incapable of such interpretation to the degree of a physician" and therefore erred by discounting Dr. Lu's and Dr. Davies' prescriptions for an assistive device. Dkt. 13 at 7-8. But the ALJ has the exclusive responsibility of "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

### B. The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) The record was inconsistent with Plaintiff's testimony denying the use of recreational or non-medical drugs;[7] (2) The record conflicted with her assertion that medication and other things did not relieve her pain;[8] (3) Her testimony that she did not experience any improvement with her spinal surgeries was inconsistent with the record;[9] and (4) the record did

---

[7] In June 2017, Plaintiff reported a history of cocaine abuse and that she used cannabis on a monthly basis. AR 944-50. In January 2020, Plaintiff reported that she used drugs as a teenager. AR 1072.

[8] In July 2014, Plaintiff told her doctor she drinks "whiskey every night to help with pain relief." AR 1129. In May 2016, Plaintiff reported that gabapentin and amitriptyline reduce her neck pain from 7/10 down to 6/10 and reduce her nighttime pain down to 5/10. AR 923. In March 2017, Plaintiff reported that gabapentin and amitriptyline help with her chronic pain symptoms. AR 973. In July 2020, Plaintiff reported that her pain medication reduced aching and burning discomfort to some degree. AR 1184. In July 2021, Plaintiff said that an epidural steroid injection led to some improvements in symptoms. AR 1149. In August 2021, Plaintiff testified that pain medication helps relieve her pain. AR 172.

[9] In August 2014, Plaintiff's discharge report showed "improvement in her preoperative left shoulder and arm symptoms." AR 833. In August 2014, Plaintiff's post-operative exam showed she was doing well, not experiencing any significant pain in her neck or left arm, was no longer taking any pain medications, and demonstrated 5/5 bilateral upper extremity strength. AR 838. In August 2014, during a follow up visit, Plaintiff had a steady and unassisted gait. AR 814.

not support her alleged chronic severe and disabling pain.[10]  AR 31-33.  Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends her medications were extreme throughout the relevant period, which indicates the faith her doctors have in her pain.  Dkt. 13 at 10.  Plaintiff also argues that her treatment and claims of pain over the years are commensurate with her occasional need for a assistive device and that none of her activities were representative of the rigors of regular and continuing work.  Dkt. 13 at 10.  But even if the ALJ had overstated the extent that Plaintiff's activities represented the rigors of work or misevaluated the faith doctors had in her pain, this line of argument would identify at most harmless error in the ALJ's decision because the ALJ's other reasons (routine, effective treatment; symptom exaggeration; non-medical drug use; normal clinical signs) are unchallenged.  *See Carmickle*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Because Plaintiff has failed to show that all of the ALJ's reasons for discounting her allegations are erroneous, Plaintiff has failed to meet her burden to show harmful legal error.

---

[10] The ALJ cited multiple examples where Plaintiff's asserted degree of pain was inconsistent with her lack of acute distress during exams.  In October 2012, Plaintiff showed "no distress" during a visit for neck pain. AR 803.  In August 2014, Plaintiff in "no apparent distress" during post-surgery follow up. AR 838.  In September 2014, during a physical examination, Plaintiff "alert, interactive, [in] no distress." AR 823.  In March 2015, Plaintiff in "no acute distress."  AR 885.  In May 2016, Plaintiff "in no acute distress." AR 923.  In September 2017, Plaintiff in "no acute distress."  AR 1030.  In October 2018, Plaintiff in "no acute distress." AR 1075.  In July 2020, Plaintiff "in no acute distress." AR 1192.  In May 2021, Plaintiff in "no acute distress." AR 1116.  The ALJ also noted several instances where Plaintiff's medical providers raised doubts about the veracity of Plaintiff's pain and symptoms.  In January 2015, the examining physician noted that Plaintiff "was suspicious for exaggerated pain behaviors, exaggerated weakness, and lack of sufficient effort in certain exam tasks." AR 832.  In May 2016, an exam suggested Plaintiff's asserted weakness was not organic. AR 1089.  In March 2017, Plaintiff's provider noted that Plaintiff's apparent gait and balance issues seemed "out of proportion to what has been seen previously on imaging, particularly as it relates to previous surgery" and that there was an "absence of true neurological symptoms." AR 973-74.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 19th day of October, 2023.

_____
S. KATE VAUGHAN
United States Magistrate Judge